51 P.3d 1198 (2002)
2002 OK 37
STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,
v.
Barry W. BENEFIELD, Respondent.
No. SCBD 4654.
Supreme Court of Oklahoma.
May 7, 2002.
Allen J. Welch, Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, OK, for Petitioner.
Barry W. Benefield, Oklahoma City, OK, Pro Se.
HODGES, J.
¶ 1 Complainant, the Oklahoma Bar Association (OBA), alleged four counts of misconduct warranting discipline against respondent attorney, Barry W. Benefield (Respondent). The complaint alleged that Respondent had violated rules 1.1,[1] 1.3,[2] *1199 1.4,[3] 1.5(a),[4] 1.16(d),[5] and 8.1[6] of the Oklahoma Rules of Professional Conduct (ORPC),[7] and rule 5.2[8] of the Rules Governing Disciplinary Proceedings (RGDP).[9]

I. FACTS
¶ 2 The facts are stipulated and supported by the record.[10]

A. COUNT I
¶ 3 In July of 2000, Rita Brokeshoulder retained Respondent to file bankruptcy proceedings on her behalf. She paid Respondent $300.00 as a retainer. Brokeshoulder called Respondent several times about filing the bankruptcy petition. He responded to a few of the messages, but in September of 2000, he quit returning her calls altogether. He did some research in preparation for filing the bankruptcy. However, he never completed the petition or provided Brokeshoulder with a draft. At the time the complaint against him was filed, Respondent had not returned any of the retainer and had not returned Brokeshoulder's personal papers.

B. COUNT II
¶ 4 In April 2000, Clara Kaniatobe paid Respondent $300.00 to file a bankruptcy petition on behalf of her daughter Holly who was incarcerated. Respondent and Holly understood that he would monitor the efforts by the victim of Holly's crime to seek restitution and file for bankruptcy if the victim obtained a judgment against Holly. Kaniatobe expected Respondent to file the bankruptcy petition during Holly's incarceration.
¶ 5 Kaniatobe repeatedly urged Respondent to file the bankruptcy petition on behalf of Holly. Respondent would not respond to Kaniatobe's messages and did not properly communicate with Holly concerning the bankruptcy proceedings.
¶ 6 Respondent failed to file the bankruptcy petition. Kaniatobe asked for a refund and for the return of personal papers. At the time complaint was filed, Respondent had not returned any papers or refunded the retainer. However, Respondent has reestablished a friendly relationship with Kaniatobe and Holly.

C. COUNT III
¶ 7 In July of 2000, Josephine Porter paid Respondent a $900.00 retainer to file a probate petition. Porter repeatedly urged Respondent to file the petition. Initially, *1200 Respondent returned some of Porter's messages but eventually ceased all communications with Porter. Finally, Porter, by certified letter, released Respondent as her attorney and requested the return of personal papers. Respondent did not respond to the letter and request. At the time the complaint was filed, Respondent had not refunded any of the retainer or returned the personal papers.

D. COUNT IV
¶ 8 When contacted by the OBA on May 4, 2001, asking Respondent to respond to two of the grievances, he failed to do so. He also failed to acknowledge an August 21, 2001 letter asking him to respond to the third grievance. On July 3, 2001, Respondent called the OBA and asked for an extension of time to file a response. Respondent and the OBA agreed that Respondent would file his responses no later than July 16, 2001. Respondent did not file his responses until July 24, 2001. Respondent agreed to meet with the OBA's investigator on September 19, 2001, on September 21, 2001, and again on September 26, 2001, but failed to appear each time.
¶ 9 The Professional Responsibility Tribunal (PRT) held a hearing on the matter. Thereafter, Respondent reimbursed the complaining clients all attorney fees paid to him.

II. STANDARD OF REVIEW
¶ 10 The standard of review in attorney disciplinary proceedings is de novo.[11] This Court decides whether misconduct has occurred and what discipline is appropriate.[12] Accordingly, this Court is not bound by the PRT's findings of fact, its view of the evidence, its view of the credibility of witnesses, or its recommendations of discipline which are only advisory.[13]

III. ENHANCEMENT
¶ 11 In April of 1991, the Professional Responsibility Commission privately reprimanded Respondent for similar behavior. He had been retained to acquire an original birth certificate for a client. He failed to take steps to obtain the birth certificate. Respondent was asked by the OBA to respond to the client's grievance. He failed to file a written response, and his response was obtained by deposition pursuant to a subpoena.

IV. VIOLATIONS
¶ 12 The PRT found that Respondent violated the ORPC and should be disciplined. Rule 1.1 requires a lawyer to provide competent representation, including adequate preparation, and rule 1.3 requires diligence and promptness. Under rule 1.4, a lawyer is to keep a client reasonably informed about the status of a matter and to respond to reasonable requests for information. Pursuant to rule 1.5, a lawyer must charge a reasonable fee. Rule 1.16(d) provides that upon discharge from representation, a lawyer must surrender "papers and property to which the client is entitled" and refund any unearned advanced fee payments. Under rule 8.1 of the ORPC and 5.2 of the RGDP, a lawyer must respond within twenty days to the OBA's request for information regarding a grievance against the lawyer. Respondent stipulated to violating these rules of conduct which govern lawyers' actions. After reviewing the record, we agree that Respondent has violated rules 1.1, 1.3, 1.4, 1.5, 1.16(d) and 8.1 of the ORPC and rule 5.2 of the RGDP and should be disciplined for the violations.

V. DISCIPLINE
¶ 13 The purposes of lawyer discipline are to protect the public, protect the court, preserve the integrity of the bar, and deter misconduct by both the lawyer being disciplined and other members of the bar.[14] The PRT and the OBA recommend that Respondent be publicly censured.
¶ 14 This Court has imposed discipline for neglect of clients' matters. The discipline *1201 has ranged from public censure to a two-year suspension.[15] In State ex rel. Oklahoma Bar Ass'n v. Jenkins,[16] this Court suspended a lawyer from the practice of law for two-years and one-day for neglecting his clients, failing to keep his clients informed, charging unreasonable fees, and misrepresenting facts to a court. In State ex rel. Oklahoma Bar Ass'n v. Brewer,[17] this Court found public censure to be the appropriate discipline for a lawyer who failed to file appropriate papers to initiate proceeding for his client, failed to keep his client reasonably informed, and failed to respond to the OBA's requests for information regarding grievances. In an earlier proceeding, the lawyer had been publicly reprimanded for failure to respond to the OBA's request for information concerning a complaint. In State ex rel. Oklahoma Bar Ass'n v. Green,[18] this Court imposed a public censure for failing to provide competent representation, failing to act with reasonable diligence and promptness, and failing to adequately communicate with the client.
¶ 15 Respondent has been neglectful, rather than acting in a deliberate manner. He has reimbursed the attorney fees his clients had advanced, albeit after the hearing by the PRT. He is remorseful of his behavior and acknowledged wrong doing. However, Respondent has shown a pattern of neglect in 1991 when privately censored by the Professional Responsibility Commission, in his actions which are the bases of this proceeding, and in his dealings with the OBA in its investigation of the grievances. For these reason, we believe the appropriate discipline is suspension from the practice of law for a period of 60 days.
¶ 16 Respondent has agreed to bear the costs of these proceedings. Respondent is suspended from the practice of law for a period of 60 days from the effective day of this pronouncement and is ordered to pay costs in the amount of $376.66.
RESPONDENT SUSPENDED FOR A PERIOD OF 60 DAYS; ORDERED TO PAY COSTS.
¶ 17 HARGRAVE, C.J., LAVENDER, KAUGER, SUMMERS, and WINCHESTER, JJ., concur.
¶ 18 WATT, V.C.J., with whom BOUDREAU, J., joins dissent. I would suspend the respondent from the practice of law for six (6) months.
¶ 19 OPALA, J., not participating.
NOTES
[1] Rule 1.1 of the ORPC provides:

A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness, and preparation reasonably necessary for the representation.
[2] Rule 1.3 of the ORPC provides:

A lawyer shall act with reasonable diligence and promptness in representing a client.
[3] Rule 1.4 of the ORPC provides:

(A) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.
(B) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.
[4] Rule 1.5(a) of the ORPC provides:

A lawyer's fee shall be reasonable . . . .
[5] Rule 1.16(d) of the ORPC provides:

Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.
[6] Rule 8.1 of the ORPC provides:

[A] lawyer . . . in connection with a disciplinary matter, shall not . . . knowingly fail to respond to a lawful demand for information from. . . a disciplinary authority, except that this rule does not require disclosure of information otherwise protected by Rule 1.6.
[7] Okla. Stat. tit. 5, ch. 1, app. 3 A (2001).
[8] Rule 5.2 of the RGDP provides:

After making [a] preliminary investigation as the General Counsel may deem appropriate, the General Counsel shall . . . (2) file and serve a copy of the grievance . . . upon the lawyer, who shall thereafter make a written response which contains a full and fair disclosure of all facts and circumstances pertaining to the respondent lawyer's alleged misconduct unless the respondent's refusal to do so is predicated upon expressed constitutional grounds. . . . The failure of a lawyer to answer within twenty (20) days after service of the grievance . . . or such time as may be granted by the General Counsel, shall be grounds for discipline.
[9] Okla. Stat. tit. 5, ch. 1, app. 1 A (2001).
[10] State ex rel. Oklahoma Bar Ass'n v. Eakin, 1995 OK 106, ¶ 9, 914 P.2d 644, 648.
[11] State ex rel. Oklahoma Bar Association v. Todd, 1992 OK 81, ¶ 2, 833 P.2d 260, 261.
[12] Id.
[13] Id.
[14] State ex rel. Oklahoma Bar Ass'n v. Busch, 1993 OK 72, ¶ 16, 853 P.2d 194, 196.
[15] State ex rel. Oklahoma Bar Ass'n v. Brewer, 1999 OK 101, ¶ 15, 998 P.2d 605, 610.
[16] 2001 OK 54, 27 P.3d 91.
[17] 1999 OK 101, 998 P.2d 605.
[18] 1997 OK 39, 936 P.2d 947.